IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY DERON F., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-506-L-BN |
| | § | |
| SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action to review the final decision of the Commissioner of Social Security denying Title II disability benefits has been referred to the undersigned magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from United States District Sam A. Lindsay.

Defendant has filed an answer and a certified copy of the transcript of the administrative proceedings. *See* Dkt. Nos. 17 & 19. And, on July 10, 2020, the Court ordered Plaintiff to serve and file a brief setting forth all errors that Plaintiff contends entitle him to relief by September 8, 2020. *See* Dkt. No. 22.

Now, more than one month past that deadline, Plaintiff has failed to obey the Court's order or otherwise contact the Court.

Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v.*

*Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th

Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

By not filing an opening brief, as ordered, Plaintiff has prevented this action from proceeding and has thus failed to prosecute his lawsuit. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances.

And the undersigned concludes that lesser sanctions would be futile, as the Court is not required to delay the disposition of this case until such time as Plaintiff decides to obey the Court's order or contact the Court.

The Court should therefore exercise its inherent power to prevent undue delays

in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

But judicial review of Social Security disability claims is limited to actions brought within 60 days after notice of the final decision is mailed. *See* 42 U.S.C. § 405(g). Mailing is defined as the date that the individual receives the Appeals Council's notice of denial. *See* 20 C.F.R. § 404.981. And mailing is presumed to be five days after the date on the notice unless there is a reasonable showing to the contrary made to the Appeals Council. *See id.* §§ 404.901, 416.1401, 422.210(c). Thus, the deadline for filing an action is 65 days from the date of the denial notice.

Congress imposed this strict statute of limitations "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The finality of the Commissioner's decision is also emphasized in the federal statute stating that no decision by the Commissioner is reviewable except as provided under Section 205(g). *See* 42 U.S.C. § 405(h); *see also Osborn v. Soc. Sec. Admin.*, No. 3:14-cv-4548-N-BN, 2015 WL 4077167, at *4 (N.D. Tex. June 12, 2015) ("Although equitable tolling is available, its application is rare. The Commissioner should decide whether to extend the 60-day statute of limitations in most cases. *Cf. Myer v. Chater*, 99 F.3d 1134, 1996 WL 595595, at *3 n.2 (5th Cir. Sept. 17, 1996) (per curiam) ("[t]he Commissioner's motion to dismiss ... constitute[s] an inferential denial of equitable tolling" (citing *Barrs v. Sullivan*, 906 F.2d 120 (5th Cir. 1990))). And the courts step in to extend the limitations period only where the inequities in favor of tolling are so great that

deference to the Social Security Administration is inappropriate. *See Matthews v. Eldridge*, 424 U.S. 319, 330 (1976)."), *rec. accepted*, 2015 WL 4089755 (N.D. Tex. July 2, 2015).

The Court should therefore condition its dismissal without prejudice under Rule 41(b) to allow Plaintiff leave to file a motion to reopen this action on or before 30 days from the date of any order accepting or adopting these findings, conclusions, and recommendation. *See, e.g.*, *Monell v. Berryhill*, No. 4:17-cv-22-O-BP, 2017 WL 3098584, at *2 (N.D. Tex. June 30, 2017) (adopting same procedure), *rec. accepted*, 2017 WL 3086326 (N.D. Tex. July 20, 2017).

**Recommendation**

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b) and without prejudice to Plaintiff's filing a motion to reopen this case on or before 30 days from the date of any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 14, 2020

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE