IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY DERON F., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-506-L-BN |
| | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Court referred this *pro se* action to review the final decision of the Commissioner of Social Security denying Title II disability benefits to the undersigned magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

The Commissioner filed an answer and a certified copy of the transcript of the administrative proceedings. *See* Dkt. Nos. 17 & 19. And, on July 10, 2020, the Court ordered Plaintiff to serve and file a brief setting forth all errors that he contends entitle him to relief by September 8, 2020. *See* Dkt. No. 22.

More than one month past that deadline, Plaintiff had failed to obey the Court's order or otherwise contact the Court. So the undersigned, on October 14, 2020, entered findings of fact and conclusions of law recommending that the Court dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) and without prejudice to Plaintiff's filing a motion to reopen this case on or before 30 days from the date of any order accepting or adopting the findings, conclusions, and

recommendation [Dkt. No. 23] (the 41(b) FCR).

On November 11, 2020, Plaintiff filed a motion for extension, requesting more time to prove his case. *See* Dkt. No. 24. Given Plaintiff's *pro se* status, and the likelihood that, should the Court dismiss this action without prejudice under Rule 41(b), that dismissal would effectively be with prejudice, as judicial review of Social Security disability claims is limited to actions brought within 60 days after notice of the final decision is mailed, *see* 42 U.S.C. § 405(g), the undersigned withdrew the 41(b) FCR and granted Plaintiff leave file, out of time, a brief setting forth all errors that he contends entitle him to relief. *See* Dkt. No. 25.

Plaintiff then filed a brief that sets forth these errors: that the Administrative Law Judge (ALJ) ignored "most of [Plaintiff's] symptoms"; that the ALJ failed to "mention side effects [Plaintiff] had from taking mental medications which caused" him "serious side effects"; that the ALJ did not consider "evidence from [Plaintiff's] psychiatrist from 2004-08"; that the ALJ failed to mention (1) Plaintiff's Social Workers from 2003-08, (2) his homelessness from 2004-10, and (3) that his homelessness was "due to mental disorders." Dkt. No. 26 (cleaned up).

The Commissioner filed a response. *See* Dkt. No. 28. Plaintiff sent correspondence to the Court, which the undersigned liberally construes as his reply. *See* Dkt. No. 29. And the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should affirm the hearing decision.

**Legal Standards and Analysis**

Judicial review in social security cases is limited to determining whether the

Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence, "a term of art used to 'describe how "an administrative record is to be judged by a reviewing court,"'" *Schofield v. Saul*, 950 F.3d 315, 320 (5th Cir. 2020) (cleaned up; citation omitted), is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. And "substantial-evidence review in this Circuit requires more than mere citation to a regulatory provision." *Schofield*, 950 F.3d at 321 (citation omitted).

The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues de novo. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994).

This Court may not therefore reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *see, e.g., Conley-Clinton v. Saul*, 787 F. App'x 214, 216 (5th Cir. 2019) (per curiam) ("In applying the substantial evidence standard, [a court] must carefully examine the record for the presence of such evidence; however, [a court] may neither reweigh the evidence nor substitute

[its] judgment for that of the Commissioner." (citing *Hollis*, 837 F.2d at 1383)).

And this Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

In sum, the Commissioner's determination is afforded great deference. *See Leggett*, 67 F.3d at 564. But, "because the ALJ is an examiner 'charged with ... developing arguments both for and against granting benefits'" – "a unique 'inquisitorial' role" – "a court can only fulfill its duty to ensure the ALJ performed its inquisition properly when the record provides its reasoning …." *Schofield*, 950 F.3d at 321 (citations omitted).

And that Plaintiff is proceeding *pro se* in this appeal of the ALJ's decision imposes an additional layer of consideration for the Court.

As other courts have recognized, a lay plaintiff is unfamiliar with legal terms of art such as "substantial evidence" and lacks expertise in the rules governing Social Security regulations. *See Washington v. Barnhart*, 413 F. Supp. 2d 784, 791 (E.D. Tex. 2006). Moreover, no statute, regulation, or court decision prescribes a precise analytical model for *pro se* actions seeking judicial review of adverse administrative decisions by the Commissioner. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 752 (E.D. Tex. 2005). Often, *pro se* litigants in Section 405(g) appeals invite the Court to re-weigh the evidence and come to a different conclusion than did the Commissioner, which the Court may not do. *See Washington*, 413 F. Supp. 2d at 791. Necessarily, the level of scrutiny rests in each reviewing court's sound discretion. *See Elam*, 386 F. Supp. 2d at 753. But several universal principles factor logically into that equation.

Courts must construe *pro se* pleadings and arguments liberally considering a party's lay status but must maintain their role as neutral and unbiased arbiters. That is, courts are not bound to "scour the record for every conceivable error," but fundamental fairness and interests of justice require that courts not disregard obvious errors, especially when a lay litigant's ignorance may cause legal errors to go unrecognized. *See id.*

To strike a fair balance, the undersigned finds that the Court should follow courts before it in deciding to engage in more than a superficial review of the Commissioner's decision. *See id.* But, since the Court is not an advocate, it has no duty to plumb the depths of every facet of the administrative process.

In the instant case, the undersigned elects to examine the decision [Dkt. No. 19-1 at 32-42] to the same extent as the undersigned believes an experienced lawyer would when advising a potential client regarding the advisability of pursuing an action for judicial review. "This approach assumes that the practitioner is experienced in the subject matter, and willing, but not compelled, to represent the plaintiff. It further assumes that the practitioner's first exposure to the case is after the Commissioner's decision has become final." *Elam*, 386 F. Supp. 2d at 753.

In following this approach, the undersigned will engage in three critical inquiries:

> 1. Does the Commissioner's decision generally reflect the protocol established in the Social Security Act, the Commissioner's own regulations, and internal policies articulated in Social Security Rulings?
> 2. Were the Commissioner's critical fact findings made in compliance with applicable law?
> 3. Does substantial evidence support those critical findings?

*Washington*, 413 F. Supp. 2d at 792.

Here, even affording Plaintiff the more lenient approach outlined immediately above, the undersigned finds that the Commissioner has followed the applicable protocol, regulations, and polices; that the Commissioner's fact finding complies with applicable law; and that those findings are supported by substantial evidence.

That is, the Commissioner's decision demonstrates that the ALJ performed his inquisition properly by examining record evidence in a reasoned approach, particularly as to his analysis of the evidence to determine Plaintiff's residual functional capacity (RFC). *See* Dkt. No. 19-1 at 36-40; *Bosarge v. Berryhill*, CA 16-0382-C, 2017 WL 1011671, at *7 n.7 (S.D. Ala. Mar. 15, 2017) ("[I]n order for this Court to find that an RFC determination is supported by substantial evidence, ALJs must 'show their work' or, said somewhat differently, show how they applied and analyzed the evidence to determine a plaintiff's RFC." (cleaned up)).

And Plaintiff's arguments for reversal, *see* Dkt. No. 26, essentially ask that this Court "re-evaluate all of the evidence" "to reach a result different from the conclusion that the Commissioner reached when evaluating [his] claim," *Fabian v. Berryhill*, 734 F. App'x 239, 244 (5th Cir. 2018) (per curiam). This, of course, the Court may not do, as its "review [ ] is limited. [It] may not 're-weigh the evidence, try the questions *de novo,* or substitute our judgment for the Commissioner's, even if [it] believe[s] the evidence weighs against the Commissioner's decision.'" *Id.* (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)).

So, despite Plaintiff's urgings, because the Commissioner applied the correct

legal standards and the decision to deny benefits is supported by substantial evidence, the Court should affirm the hearing decision in all respects.

## Recommendation

The Court should affirm the hearing decision in all respects.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 27, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE